UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.

HECTOR ALGARIN,

    Plaintiff,

vs.

GEOVERA SPECIALTY INSURANCE COMPANY,

    Defendant.

_____/

**DEFENDANT'S NOTICE OF REMOVAL**
**TO THE UNITED STATES DISTRICT COURT**

    Defendant, GEOVERA SPECIALTY INSURANCE COMPANY ("GEOVERA"), by and through its undersigned counsel and pursuant to 28 U.S.C. Sections 1332, 1441, and 1446, hereby files this Notice of Removal to remove the above-captioned civil action from the Circuit Court of the Ninth Judicial Circuit, in and for Osceola County, Florida, to the United States District Court for the Middle District of Florida, *Orlando* Division. The above-captioned civil State Court action is styled as *Hector Algarin v. GeoVera Specialty Insurance Company*, Case No.:

2023 CA 5172 CI ("State Court Action"). The grounds for removal of the State Court Action to this Honorable Court are as follows:

1. Plaintiff, HECTOR ALGARIN, filed a Complaint alleging breach of contract. The allegations in the Complaint arise out of a claim for property damages located at 578 Maricopa Dr., Kissimmee, FL 34758 ("the subject property"), which is located in Osceola County, Florida. The Complaint was served on the incorrect GeoVera entity on January 9, 2024. Thereafter, Plaintiff's counsel filed an Amended Complaint against GEOVERA, which GEOVERA permitted the undersigned counsel to accept service of. The Amended Complaint was served on GEOVERA on January 29, 2024. Complete copies of PLAINTIFF'S Complaint, initial Summons to the incorrect GeoVera entity, and Amended Complaint are collectively attached to this Notice of Removal as Composite Exhibit "A" pursuant to 28 U.S.C. Section 1446(a).

## JURISDICTIONAL BASIS

2. 28 U.S.C. Section 1332 permits removal of this action because: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES

3. At all material times hereto, GEOVERA was and is a foreign (surplus lines insurance carrier) corporation, incorporated in Delaware, with its principal

place of business in California. Therefore, GEOVERA resides in Delaware and California and is not a citizen of the State of Florida. See Exhibit "B" for a copy of the Affidavit of Adam Marchant. Attached to Mr. Marchant's affidavit is a copy of the website printout from the Florida Office of Insurance Regulation, identifying GEOVERA as a surplus lines carrier.

4. At all material times hereto, PLAINTIFF was and is a citizen of the State of Florida and domiciled in Osceola County, Florida. Plaintiff was and is residing in Osceola County, Florida. Amend. Compl. ¶ 2. The Osceola County Property Appraiser's website confirms that PLAINTIFF lives in Osceola County, Florida. The Property Appraiser's website also shows that PLAINTIFF has been, and is currently receiving, homestead exemption benefits as a permanent resident of Florida pursuant to Art. VII, Section 6 of the Florida Constitution. A copy of the printout from the Osceola County property appraiser's website are attached hereto as Exhibit "C." Florida Statute 196.012(17) defines permanent residence as the "place where a person has his or her true, fixed, and permanent home and principal establishment to which, whenever absent, he or she has the intention of returning. A person may have only one permanent residence at a time."

**AMOUNT IN CONTROVERSY EXCEEDS $75,000.00**

5. GEOVERA insured the subject property under policy number GC00022761, which GEOVERA issued to Hector Algarin ("the Policy"). The Policy is referenced in the Amended Complaint and is attached hereto as Exhibit "D." The subject property is the location of the alleged damages at issue in this suit for which PLAINTIFF seeks benefits under the Policy. Amend. Compl. ¶¶ 6, 7, 12, 14. The subject insurance claim was allegedly caused by "sudden and unexpected water damage. Amend. Compl. ¶ 5. The underlying loss in *not* related to Hurricane Ian.

6. The materials previously provided to GEOVERA by PLAINTIFF during the adjustment of the claim include an estimate in the total amount of $96,194.41 reflecting PLAINTIFF'S claim for damages, along with a corresponding sworn proof of loss. A copy of PLAINTIFF'S estimate and sworn proof of loss are attached hereto as Exhibit "E."

7. "Public adjuster estimates are routinely used to establish the amount in controversy in removal cases of first party insurance claims where the amount of damages is not specified in the complaint." *Westerburger v. GeoVera Specialty Insurance Company*, 19-60870-CIV-DIMITROULEAS, 2017 U.S. Dist. LEXIS 87974 *4 (S.D. Fla. May 23, 2019); *see also Perez-Malo v. First Liberty Ins. Corp.*, No. 1:17-CV-21180-KMM, 2017 U.S. Dist. LEXIS 220658 * 7 (S.D. Fla. June 8, 2017) (repair estimates that are prepared by plaintiff's

4

public adjuster are an "honest assessment of damages" and "reflects specific information to support plaintiff's claim for damages rather than puffing and posturing") (internal citation omitted). Thus, the amount in controversy is clearly over $75,000.00.

8. PLAINTIFF also seeks attorney's fees under a statute potentially authorizing fees in the Amended Complaint, which can be used in the calculation regarding the amount in controversy. *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (stating that "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."). Thus, the amount in controversy is clearly over $75,000.00.

## **REMOVAL TO FEDERAL COURT IS TIMELY**

9. As previously noted, PLAINTIFF initially filed suit against the incorrect GeoVera entity. The summons was received on January 9, 2024. *See Composite Exhibit "A."*

10. Plaintiff then filed an Amended Complaint against GEOVERA, which GEOVERA agreed for the undersigned counsel to service for. Service of the Amended Complaint was received on January 29, 2024. *See Composite Exhibit "A."*

**FLORIDA |MASSACHUSETTS | NEW JERSEY | NEW YORK | PENNSYLVANIA | RHODE ISLAND | TENNESSEE**

www.chartwelllaw.com

11. Therefore, pursuant to 28 U.S.C. Section 1446, GEOVERA has timely filed this Notice of Removal within thirty (30) days of GEOVERA's receipt of the initial pleading (the Amended Complaint) against GEOVERA.

12. In an abundance of caution, this Notice of Removal has also been timely filed within thirty (30) days of the service of the summons with the original complaint that was filed and served against in the incorrect GeoVera entity and which has since been amended. *See Composite Exhibit "A."*

13. A copy of this Notice is being filed contemporaneously with the Clerk of the Court for the Ninth Judicial Circuit in and for Osceola County, Florida.

14. Furthermore, PLAINTIFF filed the Amended Complaint in Osceola County Circuit Court based on where the subject property is located. Amend. Compl. ¶¶ 4, 5. Therefore, venue is proper in this district and division pursuant to 28 U.S.C. Section 1441.

WHEREFORE the Defendant, GEOVERA SPECIALTY INSURANCE COMPANY, respectfully requests that the action that Plaintiff, HECTOR ALGARIN, filed in Osceola County Circuit Court be removed to this Court, and that this Honorable Court accept jurisdiction of this action accordingly.

By:   /s/ Joseph A. Suarez
      Joseph A. Suarez, Esq.
      Florida Bar No. 0042530
      jsuarez@chartwelllaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 8th day of February, 2024, I electronically filed the foregoing with the CM/ECF system.

THE CHARTWELL LAW OFFICES, LLP

/s/ Joseph A. Suarez
Joseph A. Suarez, Esq.
*Counsel for Defendant*
Florida Bar No. 42530
CHARTWELL LAW
100 SE 2nd Street, Suite 2150
Miami, FL 33131
Main: (305) 372-9044
Facsimile: (305) 372-5044
jsuarez@chartwelllaw.com
